1  MARY KATE SULLIVAN (State Bar No. 180203)
   mks@severson.com
2  MEGAN C. KELLY (State Bar No. 251293)
   mck@severson.com
3  SEVERSON & WERSON
   A Professional Corporation
4  One Embarcadero Center, Suite 2600
   San Francisco, California 94111
5  Telephone: (415) 398-3344
   Facsimile: (415) 956-0439
6
   Attorneys for Defendant
7  WELLS FARGO BANK, N.A.

8                UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA — SAN FRANCISCO DIVISION

10

11 | BING TING REN,                              | Case No. C 13 0272 SC
12 |          Plaintiff,                         | **DEFENDANT WELLS FARGO BANK, N.A.'S NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT OR IN THE ALTERNATIVE FOR A MORE DEFINITE STATEMENT; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**
13 |          vs.                                |
14 | WELLS FARGO BANK, N.A., a business entity, and DOES 1 through 100, inclusive, |
15 |          Defendants.                        |
16 |                                             | [Filed concurrently with Request for Judicial Notice in Support of Motion to Dismiss]
17 |                                             |
18 |                                             | Date:   March 22, 2013
   |                                             | Time:   10:00 a.m.
   |                                             | Ctrm:   1
19 |                                             | Judge:  The Hon. Samuel Conti
20 |                                             | Action Filed:  December 19, 2012
   |                                             | Trial Date:    None Set

55000.0532/2561201.2                                               C 13 0272 SC
                                                       MOTION TO DISMISS COMPLAINT

**NOTICE OF MOTION AND MOTION TO DISMISS COMPLAINT**

TO PLAINTIFF AND HER ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 22, 2013, at 10:00 a.m., or as soon thereafter as the matter may be heard in Courtroom 1 of the above-entitled Court, located at 450 Golden Gate Avenue, San Francisco, California, Defendant Wells Fargo Bank, N.A. ("Wells Fargo"), will move and hereby does move to dismiss the Complaint of Bing Ting Ren ("Plaintiff") pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure on the grounds that the Complaint fails to state a claim upon which relief can be granted.  Wells Fargo will also move and hereby does move, in the alternative, for a more definite statement of claims against Wells Fargo pursuant to Rule 12(e).

This motion is based upon this notice of motion and motion, the following memorandum of points and authorities, the request for judicial notice and such other and further matter as may be presented to the Court at or before the time set for the hearing on this matter.

DATED:  February 11, 2013          Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:   /s/ *Megan C. Kelly*
             Megan C. Kelly

Attorneys for Defendant WELLS FARGO BANK, N.A.

55000.0532/2561201.2                                                                  C 13 0272 SC
                                                                      MOTION TO DISMISS COMPLAINT

# TABLE OF CONTENTS

**Page**

I. INTRODUCTION .................................................................................................................. 1

II. LEGAL STANDARD ............................................................................................................ 1

III. STATEMENT OF FACTS ..................................................................................................... 2

IV. ARGUMENT ......................................................................................................................... 3

    A. The Breach of Contract Claim Fails ........................................................................... 3

    B. The Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Fails ............................................................................................................................. 4

    C. The Promissory Estoppel Claim Fails ......................................................................... 6

    D. The Reformation of Contract Claim Fails .................................................................. 7

    E. The Invasion of Privacy – False Light Claim Fails .................................................... 8

    F. The Negligent Misrepresentation Claim Fails .......................................................... 10

    G. The Unfair Competition – Violation of Business and Professions Code §17200 *et seq.* Claim Fails ........................................................................................ 12

V. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST WELLS FARGO ................................................................................ 13

VI. CONCLUSION .................................................................................................................... 14

# TABLE OF AUTHORITIES

**Page(s)**

**FEDERAL CASES**

*A.G. Edwards & Sons, Inc. v. Smith*,
   736 F.Supp. 1030 (D. Ariz. 1989) ............................................................................... 14

*Anderson v. District Bd. of Trs.*,
   77 F.3d 364 (11th Cir. 1996) ......................................................................................... 14

*Balistreri v. Pacifica Police Dep't*,
   901 F.2d 696 (9th Cir. 1990) ........................................................................................... 2

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) .................................................................................................. 1, 2, 3

*Carson v. Bank of America, N.A.*,
   2012 WL 5041359 (E.D. Cal. 2012) ............................................................................... 9

*Flores v. Von Kleist*,
   739 F.Supp.2d 1236 (E.D. Cal. 2010) ............................................................................. 8

*Glenn K. Jackson Inc. v. Roe*,
   273 F.3d 1192 (9th Cir. 2001) ....................................................................................... 13

*Gregory v. Dillard's, Inc.*,
   565 F.3d 464 (8th Cir. 2009) ........................................................................................... 1

*Harvey v. Bank of Am.*,
   --- F.Supp.2d ---, 2012 WL 5337425 (2012) ......................................................... 4, 5, 7

*Intri-Plex Techs., Inc. v. Crest Grp., Inc.*,
   499 F.3d 1048 (9th Cir. 2007) ......................................................................................... 2

*Lopez v. GMAC Mortg. Corp.*,
   2007 WL 3232448 (N.D. Cal. 2007) ............................................................................. 12

*MGIC Indem. Corp. v. Weisman*,
   803 F.2d 500 (9th Cir. 1986) ........................................................................................... 2

*Morris v. BMW of N. Am., LLC*,
   2007 WL 3342612 (N.D. Cal. 2007) ............................................................................. 12

*Northstar Int'l v. Arizona Corp. Comm'n*,
   720 F.2d 578 (9th Cir. 1983) ........................................................................................... 2

*Rescuecom Corp. v. Google Inc.*,
   562 F.3d 123 (2nd Cir. 2009) .......................................................................................... 1

*Robertson v. Dean Witter Reynolds, Co.*,
   749 F.2d 530 (9th Cir. 1984) ................................................................................................ 2

*Schreiber Distrib. Co. v. Serv-Well Furniture Co.*,
   806 F.2d 1393 (9th Cir. 1986) ............................................................................................ 12

*Schwartz v. IndyMac Fed. Bank*,
   2010 WL 2985480 (E.D. Cal. 2010) .................................................................................. 13

*Scott v. Ambani*,
   577 F.3d 642 (6th Cir. 2009) ................................................................................................ 1

*Von Saher v. Norton Simon Museum of Art at Pasadena*,
   578 F.3d 1016 (9th Cir. 2007) .............................................................................................. 2

**STATE CASES**

*24 Hour Fitness, Inc. v. Super. Ct.*,
   66 Cal.App.4th 1199 (1998) ................................................................................................. 8

*Agosta v. Astor*,
   120 Cal.App.4th 596 (2004) ................................................................................................. 5

*Aisenson v. American Broad. Co.*,
   220 Cal.App.3d 146 (1990) ................................................................................................ 10

*Broberg v. Guardian Life Ins. Co. of Am.*,
   171 Cal.App.4th 912 (2009) ............................................................................................... 11

*Brookwood v. Bank of Am.*,
   45 Cal.App.4th 1667 (1996) ................................................................................................. 8

*Cadlo v. Owens-Illinois, Inc.*,
   125 Cal.App.4th 513 (2004) ............................................................................................... 11

*Fellows v. National Enquirer, Inc.*,
   42 Cal.3d 234 (1986) .......................................................................................................... 10

*Jacob B. v. County of Shasta*,
   40 Cal.4th 948 (2007) ......................................................................................................... 10

*Kasky v. Nike, Inc.*,
   45 P.3d 243, 27 Cal.4th 939 (2002) ................................................................................... 13

*Khoury v. Maly's of Cal., Inc.*,
   14 Cal.App.4th 612 (1993) ................................................................................................. 13

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal.App.4th 164 (2001) ................................................................................................. 13


*Pasadena Live, LLC v. City of Pasadena*,
   114 Cal.App.4th 1089 (2004) .......................................................................................... 4

*People v. Duz-Mor Diagnostic Lab., Inc.*,
   68 Cal.App.4th 654 (1998) ........................................................................................... 13

*Price v. Wells Fargo Bank*,
   213 Cal.App.3d 465 (1989) ............................................................................................ 5

*Tarmann v. State Farm Mut. Auto. Ins. Co.*,
   2 Cal.App.4th 153 (1991) ............................................................................................. 11

*Toscano v. Greene Music*,
   124 Cal.App.4th 685 (2004) .......................................................................................... 6

*Wall Street Network, Ltd. v. New York Times Co.*,
   164 Cal.App.4th 1171 (2008) ........................................................................................ 3

*Wilhelm v. Pray, Price, Williams & Russell*,
   186 Cal.App.3d 1324 (1986) ........................................................................................ 11

**STATE STATUTES**

California Business & Professions Code
   § 17200 *et seq.* ....................................................................................................... 12, 13

California Civil Code
   § 47 ............................................................................................................................... 10
   § 338 ............................................................................................................................... 7
   § 1624 ....................................................................................................................... 7, 12
   § 1710 ........................................................................................................................... 10
   § 2922 ....................................................................................................................... 7, 12
   § 2924 ........................................................................................................................... 10

**RULES**

Federal Rules of Civil Procedure
   Rule 9(b) ....................................................................................................................... 12
   Rule 12(b)(6) ......................................................................................................... 1, 2, 13
   Rule 12(e) ............................................................................................................... 13, 14

**OTHER AUTHORITIES**

23 Williston on Contracts (4th ed.)
   § 63:22 ............................................................................................................................ 4

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

In December 2012, Plaintiff Bin Ting Ren ("Plaintiff") filed the instant complaint. Plaintiff opens the complaint with allegations that Wells Fargo Bank, N.A. ("Wells Fargo"), misapplied payments on her second loan. Plaintiff's introduction implies that the causes of action asserted in the complaint will relate to this purported misapplication, which Wells Fargo denies. However, a thorough reading of Plaintiff's complaint reveals that Plaintiff's claims are not based on this purported misapplication at all. Instead, Plaintiff blurs factual allegations regarding two loans and, in doing so, obscures the underlying basis for her claims. Ultimately, Plaintiff's complaint makes the same foreclosure delay claims repeatedly presented by troubled borrowers and rejected by the courts.

Plaintiff has not stated a viable claim upon which relief could be granted. Thus, Wells Fargo respectfully requests that the Court grant this motion to dismiss. In the alternative, should any of Plaintiff's claims survive the motion to dismiss, Wells Fargo respectfully requests that the Court grant its motion for a more definite statement of the claims asserted against Wells Fargo.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a party may challenge the sufficiency of the statement of the claim for relief.[1] In deciding a Rule 12(b)(6) motion, the court must "accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally."[2] It need not, however, "accept as true a legal conclusion couched as a factual allegation."[3]

In addition to the facts set forth in the complaint, matters that are properly the subject of judicial notice may also be considered when deciding a motion to dismiss for failure to state a

---

[1] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

[2] *Rescuecom Corp. v. Google Inc.*, 562 F.3d 123, 127 (2nd Cir. 2009); see also *Scott v. Ambani*, 577 F.3d 642, 646 (6th Cir. 2009); *Gregory v. Dillard's, Inc.*, 565 F.3d 464, 496 (8th Cir. 2009).

[3] *Twombly*, 550 U.S. at 555.

1 claim.[4]  In fact, the court can disregard allegations in the complaint if such allegations are
2 contradicted by facts which may be judicially noticed by the court.[5]  One example would be the
3 court's consideration of matters of public record.[6]

4       Accepting only the factual allegations set forth in the plaintiff's complaint as true, the court
5 must decide whether plaintiff is entitled to some form of legal remedy.[7]  Granting a Rule 12(b)(6)
6 motion to dismiss is proper where there is either a lack of a cognizable legal theory or the absence
7 of sufficient facts to support a cognizable legal theory.[8]  A dismissal will also be proper if a
8 complaint is vague, conclusory and fails to set forth material facts in support of the allegations.[9]

### III.   STATEMENT OF FACTS

10       In June 2007, Plaintiff and Tom Abraham purchased real property located at 143 Fox
11 Sparrow Lane in Brisbane, California (the "Subject Property").  (Request for Judicial Notice
12 ("RJN") Ex. A.)  Plaintiff and Abraham obtained two loans to finance the purchase.  The first
13 loan, in the amount of $650,000 (the "First Loan"), was secured by Deed of Trust on the Subject
14 Property.  (RJN Ex. B.)  Wells Fargo Bank, N.A., is the Lender and Beneficiary for the First Loan
15 Deed of Trust.  (*Id.*)  Fidelity National Title Insurance Company is the Trustee for the First Loan
16 Deed of Trust.  (*Id.*)

17       The second loan, a Home Equity Line of Credit in the amount of $87,800 (the "Second
18 Loan"), was also secured by Deed of Trust on the Subject Property.  (RJN Ex. C.)  Wells Fargo
19 Bank, N.A., is the Lender and Beneficiary of the Second Loan Deed of Trust.  (*Id.*)  American
20 Securities Company is the Trustee for the Second Loan Deed of Trust.  (*Id.*)

21       On February 24, 2012, a Quit Claim Deed was recorded.  (RJN Ex. D.)  According to the

---

[4] *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).
[5] *Von Saher v. Norton Simon Museum of Art at Pasadena*, 578 F.3d 1016, 1021-22 (9th Cir. 2007).
[6] *Intri-Plex Techs., Inc. v. Crest Grp., Inc.*, 499 F.3d 1048, 1052 (9th Cir. 2007).
[7] *Twombly*, 550 U.S. at 555.
[8] *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990); see also *Robertson v. Dean Witter Reynolds, Co.*, 749 F.2d 530, 534 (9th Cir. 1984).
[9] *Northstar Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 583 (9th Cir. 1983).

Quit Claim Deed, Abraham, "convey[ed], release[d] and quit claim[ed] to the GRANTEE[]: Bing Ting Ren, 123 Fox Sparrow Ln, Brisbane, San Mateo County, California 94005 [the Subject Property]." (*Id.*)

On December 20, 2012, the Viewpoint at the Ridge Owners Association recorded a Notice of Assessment Lien was recorded in relation to the Subject Property. (RJN Ex. E.) The Notice of Assessment Lien states that it "is claimed by virtue of [Bing Ting Ren's] failure to pay such assessments, costs, attorney's fees and penalties" in the amount of $56,711.20. (*Id.*)

### IV.     ARGUMENT

**A.     The Breach of Contract Claim Fails**

Plaintiff's first cause of action is for breach of contract. "The standard elements of a claim for breach of contract are (1) the contract, (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach, and (4) damage to plaintiff therefrom." *Wall Street Network, Ltd. v. New York Times Co.*, 164 Cal.App.4th 1171 (2008). A plaintiff must plead sufficient facts "to provide the 'grounds of his 'entitle[ment] to relief,' [which] requires more than labels and conclusions, and [for which] a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. A complaint cannot simply "le[ave] open the possibility that a plaintiff might later establish some 'set of undisclosed facts' to support recovery." *Id.* at 561.

Plaintiff's breach of contract claim fails because it is uncertain and insufficiently pled. Plaintiff starts out by alleging that the contract at issue is the Deed of Trust for the *second loan*. Complaint ("Compl.") ¶17. Next, Plaintiff alleges that she performed by "making timely monthly payments on her *second [loan]*...." Compl. ¶19.

At the breach element, Plaintiff muddies the issue. Plaintiff alleges that Defendant "breached the Deed of Trust by *accelerating* Plaintiff's loan when Plaintiff was not in default." Compl. ¶20. However, Plaintiff does not plead anywhere in the complaint that Defendant *accelerated* Plaintiff's *second loan*, that Defendant demanded that Plaintiff tender the entire balance of the *second loan* or that Defendant initiated nonjudicial foreclosure proceedings with regard to the *second loan*. Plaintiff makes those conclusory allegations with respect to the first loan, but not the second loan, which is the target of the first two elements of Plaintiff's breach of contract claim.

Plaintiff's failure to differentiate between the factual allegations regarding the two loans renders the breach of contract claim fatally uncertain.

Plaintiff has not stated a claim upon which relief can be granted. Plaintiff's claim fails and the motion to dismiss the first cause of action must therefore be granted.

**B.    The Breach of the Implied Covenant of Good Faith and Fair Dealing Claim Fails**

For the second cause of action, Plaintiff asserts a breach of the implied covenant of good faith and fair dealing claim. "The elements of a claim for breach of the covenant of good faith and fair dealing are: (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff." *Harvey v. Bank of Am.*, --- F.Supp.2d ---, 2012 WL 5337425, at *6 (2012).

"As a general principle, there can be no breach of the implied promise or covenant of good faith and fair dealing where the contract expressly permits the actions being challenged, and the defendant acts in accordance with the express terms of the contract."[10] The "implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract." *Pasadena Live, LLC v. City of Pasadena*, 114 Cal.App.4th 1089, 1093-94 (2004).

With respect to the breach of implied covenant cause of action, Plaintiff entirely abandons the allegations regarding misapplication of payments. Instead, Plaintiff turns to the oft argued—and rejected—premise that a lender defendant breached an implied covenant of good faith by allegedly instructing a borrower to miss payments in order to apply for a loan modification. Plaintiff alleges that

> Defendant interfered with her ability to pay under the terms of the loan agreement when it specifically instructed her to miss loan payments in order to be considered for a loan modification,

---

[10] 23 Williston on Contracts § 63:22 (4th ed.)

55000.0532/2561201.2                              4                                   C 13 0272 SC
MOTION TO DISMISS COMPLAINT

1
2
3
>promised not to count Plaintiff late or foreclose on her property for missing payments in pursuit of a loan modification, and then unreasonably strung out the loan modification process until late fees and attorneys' fees grew to an insurmountable amount, and then demanded the entire amount.

Compl. ¶29.  Plaintiff further alleges that "Defendant dealt with her in bad faith when it induced Plaintiff to miss payments on her loan for purposes of seeking a loan modification…."  Compl. ¶30.

Plaintiff's breach of implied covenant of good faith and fair dealing claim fails because the implied covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." *Agosta v. Astor*, 120 Cal.App.4th 596, 607 (2004).  As such, Plaintiff's allegations do not give rise to a viable claim.  As stated by this Court in analyzing a similar claim,

> [t]he problem is that Defendant's alleged conduct is not related to the contract between the parties, that is, the [Deed of Trust] and related note.  Plaintiff alleges not a violation of his standing contracts with Defendant but of the entirely separate promises Defendant allegedly made to forego foreclosure and other penalties while the loan modification was pending.  *Cf. Plastino,* 2012 WL 2061515, at *10 (defendant's breach of promise to postpone foreclosure did not violate covenant implied in DOT and mortgage).  Plaintiff alleges that Defendant breached the implied covenant "when it instructed him to miss loan payments in order to be considered for a loan modification, promised not to count Plaintiff late or foreclose on his property for missing payments in pursuit of a loan modification, and then unreasonably strung out the loan modification process until late fees and attorneys' fees grew to an insurmountable amount…."  Plaintiff alleges breaches of promises that are independent from the ones contained in the DOT and note and which therefore cannot sustain a claim for a breach of the covenant implied in the DOT and note.

*Harvey*, --- F. Supp.2d ---, 2012 WL 5337425, at *6.  Plaintiff makes the exact same allegations cited above in the instant Complaint.  (*Compare id. with* Compl. ¶29.)  As such, Plaintiff's breach of implied covenant claim must likewise be dismissed.

Moreover, even if the alleged conduct was deemed to be related to the Deed of Trust or Promissory Note, Plaintiff's claim would fail.  A breach of implied covenant claim cannot be asserted for the enforcement of the agreement according to its terms.  *Price v. Wells Fargo Bank*, 213 Cal.App.3d 465, 478 (1989).  The terms of the contract specifically state that if the borrower

fails to make the required payment, the borrower will be in default. Compl. ¶24. Wells Fargo did not cause Plaintiff to default. The decision to miss payments, in order to seek a loan modification, was Plaintiff's. Again, Plaintiff has not stated a claim upon which relief could be granted and the claim therefore fails.

**C.     The Promissory Estoppel Claim Fails**

Plaintiff's third cause of action is for Promissory Estoppel. "The elements of promissory estoppel are (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." *Toscano v. Greene Music*, 124 Cal.App.4th 685, 692 (2004) (citation omitted). For this claim, Plaintiff alleges that "Defendant induced Plaintiff into ceasing loan payments by promising that if she did so, Defendant would not foreclose on Plaintiff's Property during the pendency of the loan modification review or report her late to credit agencies." Compl. ¶34. Plaintiff further claims that she "relied upon Defendant's representation to her detriment, as her credit has been destroyed, and Plaintiff now faces imminent foreclosure of her home." Compl. ¶36.

Plaintiff's promissory estoppel claim fails because it is insufficiently pled. Plaintiff fails to plead a clear and enforceable promise and therefore fails to plead the essential first element of the cause of action. Plaintiff alleges that "Mata and Speed assured Plaintiff that, "in order to *apply* for a loan modification, Plaintiff would need to be late on her payments[,]" and that "while she was *applying* for a loan modification, her credit would not be affected and she would not face foreclosure." Compl. ¶¶11-12. Plaintiff also pleads that she was instructed to go late on her payments "in order to *obtain* a loan modification and promised that it would not report Plaintiff late or foreclose on her property while Plaintiff was in loan modification review." Compl. ¶26. Plaintiff also claims that missing payments is *a regular part of the loan modification process*[.]" Compl. ¶42. It is unclear whether Plaintiff claims she was promised a loan modification or simply the opportunity to apply for a loan modification. It is further unclear how long the purported promise to forego foreclosure would last. As pled, it is entirely uncertain what Plaintiff claims that Wells Fargo promised her.

In addition, Plaintiff's purported promise is unenforceable and therefore Plaintiff has not

1 pled reasonable reliance.  The terms of the Deed of Trust are clear.  Compl. ¶18.  Any such
2 promise related to an interest in real property must be in writing and executed by the parties.  Cal.
3 Civ. Code §1624.  To the extent Plaintiff claims that Wells Fargo promised to forego its
4 contracted-for right to foreclose upon default, the promise is a modification of the Deed of Trust
5 and, as such, must be in writing to be enforceable.  Cal. Civ. Code §2922.  Plaintiff does not plead
6 that the promise was made in writing and as such the claim fails.  Plaintiff has not alleged any
7 clear and enforceable promise or reasonable reliance and for this reason the claim fails.

**D.     The Reformation of Contract Claim Fails**

For the fourth cause of action, Plaintiff seeks reformation of Section 7(B) of the Adjustable Rate Note.  Plaintiff summarizes a provision of the Note as stating that "a borrower will be in default if they do not pay the full amount of each monthly payment on the date it is due."  Compl. ¶42.  Plaintiff alleges that this provision "is unconscionable and needs to be reformed to prevent a lender from holding a borrower in default when the borrower has been instructed not to make payments, such as during a loan modification review."  *Id.*  Plaintiff claims that "Defendant specifically utilized these provisions in order to wrongfully engineer a default against Plaintiff and to accumulate an insurmountable amount of arrears."  Compl. ¶43.

"For purposes of federal pleading, reformation is a remedy, not a claim."  *Harvey*, --- F.Supp.2d ---, 2012 WL 5337425, at *7 (citing *Santos v. Countrywide Home Loans*, CIV. 20902642WBS, DAD, 2009 WL 3756337, at *1 (E.D. Cal. Nov. 6, 2009) (citing *Hafiz v. Greenpoint Mortg. Funding, Inc.*, 652 F.Supp.2d 1039, 1045 (N.D. Cal. 2009))).

Plaintiff has not stated any underlying basis on which she is entitled to the remedy of reformation and therefore the claim fails.  Plaintiff fails to allege any fraudulent activity relating to the signing of the Deed of Trust or loan origination.  *Harvey*, --- F.Supp.2d ---, 2012 WL 5337425, at *7.  Plaintiff does not allege that this term was misrepresented to her or that there was some mistake.  Plaintiff has not sufficiently stated any viable claim for the requested relief and therefore this cause of action must be dismissed.

Plaintiff's claim also fails because it is time-barred.  A claim for reformation of a contract is governed by California Civil Code Section 338(d), which establishes a three-year statute of

1 limitations on an action for relief on the ground of fraud or mistake. The Complaint alleges that
2 "[i]n or around June 27, 2007, Plaintiff entered into a loan agreement . . . took out a second
3 mortgage . . . [and] executed a promissory note and deed of trust, which establishes Plaintiff and
4 Defendant's relationship, for both mortgages…." Compl. ¶8. The term that Plaintiff seeks to
5 reform was set forth in the promissory note that Plaintiff pleads that she executed. "Reasonable
6 diligence requires the reading of a contract before signing it." *Brookwood v. Bank of Am.*, 45
7 Cal.App.4th 1667, 1674 (1996) (citation omitted); see also *24 Hour Fitness, Inc. v. Super. Ct.*, 66
8 Cal.App.4th 1199, 1215 (1998) (same). Plaintiff was therefore aware of the term she now wishes
9 to reform at the time of signing in June 2007. However, Plaintiff did not file her lawsuit until
10 December 2012, more than five years later. Thus, Plaintiff's claim is time-barred.

**E.     The Invasion of Privacy – False Light Claim Fails**

Plaintiff's fifth cause of action is for "false light." "The elements of the tort of false light invasion of privacy are 1) the defendant caused to be generated publicity of the plaintiff that was false or misleading; 2) the publicity was offensive to a reasonable person; and 3) the defendant acted with actual malice." *Flores v. Von Kleist*, 739 F.Supp.2d 1236, 1259 (E.D. Cal. 2010).

Like the breach of contract claim, Plaintiff's false light claim obscures the factual allegations regarding the two loans. Plaintiff alleges that she was making "each monthly payments [*sic*] under her *second mortgage* and was even making principal payments each month. Defendant knew that Plaintiff was not in default, or acted in reckless disregard of this fact, when it reported Plaintiff late . . . [and] ma[de] negative reports to credit bureaus." Compl. ¶¶ 48-49 (emphasis added). However, Plaintiff does not plead that Plaintiff was reported to credit agencies regarding the second loan or that that the second loan was accelerated. Again, Plaintiff muddles the allegations attempting to piece together a claim. Instead, Plaintiff ultimately renders the claim fatally uncertain.

In addition, any invasion of privacy – false light claim would be preempted by the Fair Credit Reporting Act ("FCRA"). As recently stated in an opinion from the United States District Court, Eastern District of California,

The FCRA requires credit reporting agencies to adopt reasonable

| | |
|---|---|
| 1 | procedures related to the collection, communication and use of consumer credit information to ensure fair and accurate credit reporting.  15 U.S.C. §1681e; *Roybal v. Equifax,* 405 F. Supp. 2d 1177, 1181 (E.D. Cal. 2005).  In furtherance of these goals, the FCRA places two types of duties on those furnishing information to credit reporting agencies.  15 U.S.C. §1681s-2; *Gorman v. Wolpoff & Abramson, LLP*, 584 F.3d 1147, 1153-54 (9th Cir. 2009).  Subsection 2(a) "details the duty 'to provide accurate information ….'" 15 U.S.C. §1681s-2(1).  Subsection 2(b) imposes the duty that upon notice of dispute, "that is, when a person who furnished information to a CRA receives notice from the CRA that the consumer disputes the information," the furnisher of the information shall conduct an investigation and compile a report "with respect to the disputed information." *Gorman,* 584 F.3d at 1154 (quoting 15 U.S.C. §1681s-2(b)). |
| | While there is a private right of action under subsection (b), there is no such private right under subsection (a).  *Miller v. Bank of Am., N.A.*, No. 3:11-cv-02588-MMA, 2012 WL 871321, *5 (S.D. Cal. March 14, 2012). |
| | Subsection 2(b) appears to provide the exclusive remedy for acts that constitute violations of the FCRA, because Congress "in an effort to maintain an uniform set of duties across all furnishers of credit information … included an express preemption clause in the FCRA." *Id.* (citing *Gorman,* 584 F.3d at 113; 15 U.S.C. §1681t(b)(1)(F)).  Section 1681t(b)(1)F "precludes states from imposing requirements or prohibitions on furnishers' duties to report accurately and correct identified discrepancies as set forth in section 1681s-2" *Id.*  "The district courts read the FCRA's preemption clause to preclude all state common law and statutory claim, to effect Congress' intent to limit a plaintiff's recovery against furnishers of credit information to only the remedies provided under the FCRA." *Id.* (citing *Howard v. Blude Ridge Bank,* 371 F.Supp.2d 1139, 1144 (N.D. Cal. 2005); *Guillen v. Bank of Am. Corp.*, No. 5:10-cv-05825-EJD, 2011 WL 4071996 *6, (N.D. Cal. Aug. 31, 2011). |
| | Accordingly, the FCRA preempts Plaintiffs' common law claim for false light invasion of privacy, as the claim is based on Defendant allegedly reporting false information to a credit reporting agency.  Plaintiffs therefore fail to state a claim upon which relief may be granted, Defendant's motion to dismiss Plaintiffs' false light invasion of privacy claim is granted. |

*Carson v. Bank of America, N.A.*, 2012 WL 5041359 (E.D. Cal. 2012).  The Court's analysis in *Carson* applies here.  Plaintiff's claim is preempted and Plaintiff therefore fails to state a claim upon which relief may be granted.

Moreover, the claim fails because the recordation of a notice of default is an absolutely privileged act on which no tort claim of any sort, other than malicious prosecution, may be based.

1  California Civil Code Section 2924(d)(1) provides that "[t]he mailing, publication, and delivery of
2  notices as required by this section" "constitute privileged communications pursuant to Section 47."
3  Notice of default is required by Section 2924(a)(1) and (3). Thus, such notice is privileged conduct
4  under Civil Code Section 47. Reinforcing that conclusion, Civil Code Section 2924(d)(2) provides
5  that "[p]erformance of the procedures set forth in this article" also "constitute[s] privileged
6  communications pursuant to Section 47." Civil Code Section 47's privilege "bars all tort causes of
7  action except malicious prosecution." *Jacob B. v. County of Shasta*, 40 Cal.4th 948, 960 (2007).
8  Under Civil Code Section 2924(d), the act on which the Plaintiff bases her false light claim is
9  privileged under Section 47. Accordingly, the false light cause of action fails to state a claim on
10 which relief may be granted.

11 Finally, Plaintiff's cause of action also fails because a false light claim requires a party to
12 plead that the alleged disclosure was an inaccurate depiction of the person in question. *Fellows v.*
13 *National Enquirer, Inc.*, 42 Cal.3d 234, 242 (1986). Although false light claims can sometimes be
14 brought even when the published information is true, such information must be misleading or an
15 inaccurate portrayal. *Aisenson v. American Broad. Co.*, 220 Cal.App.3d 146, 161 (1990). Here,
16 that is not the case. Plaintiff admits that she defaulted on her loan obligation. Compl. ¶ 13.
17 Missing payments on the loan constitutes a default pursuant to the express terms of the loan
18 agreement. Issuing a Notice of Intent to Accelerate or recording a Notice of Default, therefore,
19 does not constitute false light because the disclosure is not false. Plaintiff has not stated a claim
20 upon which relief could be granted and the invasion of privacy – false light claim must therefore
21 be dismissed.

22 **F.  The Negligent Misrepresentation Claim Fails**

23 Plaintiff's sixth cause of action is a claim for negligent misrepresentation. "The elements
24 of negligent misrepresentation under Civil Code §1710(2) are: (1) the defendant makes a
25 representation as to past or existing material fact; (2) the defendant made the misrepresentation
26 without any reasonable grounds for believing it to be true; (3) the representation was made with
27 the intent to induce the plaintiff to rely upon it; (4) the plaintiff was unaware of the falsity of the
28 representation and acted in justifiable reliance on the representation; and (5) resulting damages."

1  Compl. ¶52.  In stating a negligent misrepresentation cause of action, plaintiffs are required to

2  meet a three-year statutory limitations period and heightened pleading specificity requirements.[11]

3        For the sixth cause of action, Plaintiff alleges that Wells Fargo

4           represented to Plaintiff on numerous occasions, specifically in
         December 2011 through its representatives Bobby Mata and
5           William Speed that there would be no negative credit consequences
         for withholding mortgage payments as instructed by Defendant and
6           that her home would not face foreclosure.

7  Compl. ¶53.  Plaintiff's claim is insufficiently pled and uncertain.

8        As a preliminary matter, Plaintiff does not allege a misrepresentation as to a past or

9  existing material fact.  According to Plaintiff's complaint, Wells Fargo representatives Mata and

10 Speed told her that "in order to apply for a loan modification, Plaintiff would need to be late on

11 her payments for her first loan" and that "while she was applying for a loan modification, her

12 credit would not be affected and she would not face foreclosure."  Compl. ¶¶11-12.  Such

13 representations relate to a future course of events, not a past or existing fact.  Plaintiff does not

14 make any allegations that any similar representations were made once Plaintiff actually defaulted

15 on the loan by missing loan payments.  Thus, Plaintiff has not pled any viable misrepresentation.

16       Plaintiff's claim also fails to meet the heightened pleading standard associated with fraud

17 claims.  Plaintiff asserts that representations were made on numerous occasions, but provides no

18 specific dates or how the representations were made.  Plaintiff's allegations also fail to state what,

19 specifically, was said by Mata and Speed.  Because Plaintiff's allegation changes throughout the

20 complaint,[12] it is unclear what purported representation Wells Fargo must defend.

21       With respect to the third through fifth elements of the negligent misrepresentation claim,

---

[11] See *Wilhelm v. Pray, Price, Williams & Russell*, 186 Cal.App.3d 1324, 1331 (1986); see also *Tarmann v. State Farm Mut. Auto. Ins. Co.*, 2 Cal.App.4th 153, 157 (1991); see *Broberg v. Guardian Life Ins. Co. of Am.,* 171 Cal.App.4th 912 (2009) (negligent misrepresentation cause of action is governed by the same three-year statutory limitations period that applies to fraud claims); see *Cadlo v. Owens-Illinois, Inc.*, 125 Cal.App.4th 513 (2004) (citing *Small v. Fritz Cos., Inc*., 30 Cal.4th 167, 184 (2003) (like fraud, a claim of negligent misrepresentation requires specificity in pleading).

[12] Plaintiff alleges that it was represented that she should miss payments "in order to *apply* for a modification[,]" "in order to *obtain* a loan modification[,]" and "*as a regular part of the loan modification process*[.]"  Compl. ¶¶11, 26, 42.

Plaintiff pleads only legal conclusions. Plaintiff concludes that Wells Fargo "had no reasonable grounds for believing its misrepresentations to be true..." and that "the misrepresentations were designed to induce Plaintiff to withhold her payments since Plaintiff would not have done so otherwise since she had good credit and expressed his [*sic*] concerns about falling behind." Compl. ¶¶53-55. Such conclusions of law are wholly insufficient, particularly under Federal Rule of Civil Procedure 9(b),[13] which requires that the complaint allege "particular facts going to the circumstances of the fraud, including time, place, persons, statements made and an explanation of how or why such statements are false or misleading."[14] Plaintiff's complaint fails to do so.

In addition, Plaintiff does not and cannot allege reasonable reliance. The purported representations are not actionable because it is well established that any such representation related to an interest in real property must be in writing and executed by the parties. Cal. Civ. Code §1624. To the extent the purported promise is a modification of the Deed of Trust, such promise must be in writing in order to be enforceable. Cal. Civ. Code §2922.

Plaintiff has not sufficiently stated a viable claim for negligent misrepresentation and therefore the motion to dismiss this claim must be granted.

**G.  The Unfair Competition – Violation of Business and Professions Code §17200 *et seq.* Claim Fails**

Plaintiff's seventh and final cause of action is a claim for violation of Business and Professions Code §17200 *et seq*. California Business and Professions Code Sections 17200 *et seq.*, also known as the unfair competition law ("Section 17200" or "UCL"), "defines 'unfair competition' to mean and include 'any unlawful, unfair or fraudulent business act or practice and

---

[13] "In alleging fraud …, a party must state with particularity the circumstances constituting fraud…." Rule 9(b) governs Plaintiff's complaint even though it was filed in state court before the case was removed to this Court. See, e.g*., Lopez v. GMAC Mortg. Corp.*, 2007 WL 3232448, at *4 (N.D. Cal. 2007).

[14] *Morris v. BMW of N. Am., LLC*, 2007 WL 3342612, at *3 (N.D. Cal. 2007) (citing *In re Glenfed, Inc. Sec. Litig*., 42 F.3d 1541, 1547-48 n.7 (9th Cir. 1994) (en banc)); see also *Schreiber Distrib. Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986) (noting that under Rule 9(b) "the pleader must state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation.").

unfair, deceptive, untrue or misleading advertising and any act prohibited by [the false advertising law (§ 17500 et seq.) ].' (§ 17200.)" *Kasky v. Nike, Inc*., 45 P.3d 243, 27 Cal.4th 939 (2002). To properly state a Section 17200 claim, the alleged violation of Section 17200 must be "state[d] with reasonable particularity." *Khoury v. Maly's of Cal., Inc*., 14 Cal.App.4th 612, 619 (1993); see also *Schwartz v. IndyMac Fed. Bank*, 2010 WL 2985480 at *4 (E.D. Cal. 2010).

Plaintiff's Section 17200 allegations "are tethered" to the other causes of action presented in the complaint. Compl. ¶¶60-65. In order to successfully state such a Section 17200 claim, Plaintiff must have successfully pled an underlying violation of law or underlying fraud.

Because the claim is based on, or tethered to, an underlying violation of law, a defense to that underlying claim—the predicate claim—is a defense to the alleged violation of the UCL. See *Krantz v. BT Visual Images, L.L.C*., 89 Cal.App.4th 164, 178 (2001) (the viability of a UCL claim stands or falls with the antecedent substantive causes of action); *People v. Duz-Mor Diagnostic Lab., Inc*., 68 Cal.App.4th 654, 673 (1998) (a defense to the underlying offense is a defense under the UCL). Courts have made clear that Bus. & Prof. Code Sections 17200 *et seq.* cannot be used as an end-run around the requirements of other statutes. See *Glenn K. Jackson Inc. v. Roe*, 273 F.3d 1192, 1203 (9th Cir. 2001) (dismissing UCL claim where underlying negligence and fraud claims were insufficient as a matter of law); see also *Krantz*, 89 Cal.App.4th at 178.

As stated herein, Plaintiff has not stated any viable claim or violation of law. Each of the claims re-asserted as part of Plaintiff's Section 17200 claim – breach of contract, breach of the covenant of good faith and fair dealing, promissory estoppel, invasion of privacy and negligent misrepresentation – fails for the reasons stated in this motion to dismiss. Thus, Plaintiff fails to allege facts sufficient to state a viable Section 17200 claim upon which relief could be granted and this cause of action must also be dismissed.

### V. ALTERNATIVE MOTION FOR A MORE DEFINITE STATEMENT OF CLAIMS AGAINST WELLS FARGO

Should any of Plaintiff's claims survive the Rule 12(b)(6) challenge, Wells Fargo requests, in the alternative, that the Court require a more definite statement of her claims against it pursuant to Federal Rule of Civil Procedure 12(e). Such a motion is appropriate when a defendant is unable

to determine from the complaint what issues it must address or a complaint "is so vague or ambiguous that the party cannot reasonably prepare a response." See Fed. R. Civ. P. 12(e); see also *A.G. Edwards & Sons, Inc. v. Smith*, 736 F.Supp. 1030, 1032 (D. Ariz. 1989).

That is the situation here with respect to Plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, and unfair competition causes of action. Plaintiff makes only broad, conclusory statements, lacking the "clarity and precision" required for the defendant "to discern what the plaintiff is claiming and to frame a responsive pleading." *Anderson v. District Bd. of Trs.*, 77 F.3d 364, 366-67 (11th Cir. 1996). Accordingly, should Plaintiff's breach of contract, breach of implied covenant of good faith and fair dealing, promissory estoppel, negligent misrepresentation, and unfair competition claims survive Wells Fargo's motion to dismiss, Wells Fargo respectfully requests that the alternative motion under Rule 12(e) be granted.

## VI.   CONCLUSION

For the reasons set forth herein, Defendant Wells Fargo respectfully requests that this Motion to Dismiss be granted as to each cause of action. In the alternative, Wells Fargo respectfully requests that the Court require a more definite statement of Plaintiff's claims against Wells Fargo pursuant to Federal Rule of Civil Procedure 12(e).

DATED:  February 11, 2013            Respectfully submitted,

SEVERSON & WERSON
A Professional Corporation


By:   /s/ *Megan C. Kelly*
            Megan C. Kelly

Attorneys for Defendant WELLS FARGO BANK, N.A.