1

2

3

4

5

6                   IN THE UNITED STATES DISTRICT COURT

7                 FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
                                  )  Case No. 13-0272 SC
9                                 )
   BING TING REN,                 )  ORDER GRANTING IN PART AND
10                                )  DENYING IN PART DEFENDANTS'
           Plaintiff,             )  MOTION TO DISMISS
11                                )
      v.                          )
12                                )
   WELLS FARGO BANK, N.A. and DOES )
13 1-100, inclusive,              )
                                  )
14         Defendants.            )
                                  )
15 _____)

16

17

18  **I.    INTRODUCTION**

19       This is a foreclosure dispute.  Now before the Court is

20  Defendant Wells Fargo Bank, N.A.'s ("Defendant") motion to dismiss

21  Plaintiff Bing Ting Ren's ("Plaintiff") first amended complaint.

22  ECF Nos. 12 ("MTD"),[1] 14 ("FAC").  The motion is fully briefed, ECF

23  Nos. 18 ("Opp'n"), 19 ("Reply"), and suitable for decision without

24  oral argument, Civ. L.R. 7-1(b).  As discussed below, Defendant's

25  motion to dismiss is GRANTED in part and DENIED in part.  The Court

26  _____

27  [1] Defendant moves in the alternative for a more definite statement
    under Rule 12(e).  See MTD at 13-14.  The Court DENIES this motion
    as moot, since the Court grants Plaintiff leave to amend (partly
28  for reasons of clarification) the claims that Defendant alleges
    were defectively pled.

United States District Court
For the Northern District of California

1  GRANTS Defendant's request for judicial notice, ECF No. 17, under

2  Federal Rule of Evidence 201.

3

4  **II.   BACKGROUND**

5       Plaintiff obtained two mortgages from Defendant around June

6  27, 2007.  FAC ¶ 7.  Each is governed by a separate promissory note

7  (the "note") and deed of trust (the "DOT") (collectively the "loan

8  agreements").  Id.  Plaintiff alleges that she was current on her

9  second mortgage and, in fact, paid more than the monthly minimum on

10  it so she could pay it off before its maturity date.  Id. ¶ 7-8.

11  However, Plaintiff asserts that instead of applying the second

12  mortgage's payments to interest owed and then to the principal, as

13  the DOT allegedly requires, Defendant applied each monthly payment

14  solely to the principal.  Id. ¶ 9.  As a result, Plaintiff's second

15  mortgage entered default around December 2011.  Id.

16       When this happened, Plaintiff contacted Defendant, whose

17  agents told her that she could fix the mistake by applying for a

18  loan modification.  Id. ¶ 10.  Plaintiff could only obtain such a

19  modification by being late on the first mortgage.  Id.  As

20  Defendant's agents purportedly promised, if Plaintiff went late,

21  she could begin the loan modification process, and Defendant would

22  not take any action against her even though the loan agreements

23  said it could.  Id.  Plaintiff reluctantly agreed to this

24  arrangement.  Id. ¶ 11.  She began missing payments in January

25  2012.  Id. ¶ 12.  Throughout the process, she sent all of the

26  necessary documents to Defendant, but she had to re-submit most of

27  them because Defendant repeatedly claimed that it either lost the

28  documents or never received them.  Id. ¶¶ 11-12.  Sometime around

**United States District Court**
For the Northern District of California

1  October 2012, while the loan modification process was ongoing,

2  Defendant sent Plaintiff notice that it intended to accelerate her

3  first mortgage.  Id. ¶ 13.  It also demanded that she tender the

4  entire balance of her loans.  Id. At this time, Defendant also

5  reported Plaintiff as delinquent to the credit reporting agencies.

6  Id.  Plaintiff maintains that Defendant previously promised that it

7  would not take such actions.  See id. ¶ 10.

8      Plaintiff's credit is ruined.  Id. ¶ 14.  It is not clear at

9  this point whether a foreclosure sale has occurred, though a full

10  reconveyance of Plaintiff's second loan was recorded on February 8,

11  2013, and that loan is no longer at issue in this case.  See RJN

12  Ex. G ("Notice of Reconveyance").  Plaintiff asserts the following

13  causes of action against Defendant, based on the facts described

14  above: (i) breach of the implied covenant of good faith and fair

15  dealing; (ii) promissory estoppel; (iii) the privacy tort of false

16  light; (iv) negligent misrepresentation; and (v) violations of the

17  California Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200

18  et seq.  Defendant now moves to dismiss Plaintiff's FAC.

19

20  **III.  LEGAL STANDARD**

21      **A.  Motions to Dismiss**

22      A motion to dismiss under Federal Rule of Civil Procedure

23  12(b)(6) "tests the legal sufficiency of a claim."  Navarro v.

24  Block, 250 F.3d 729, 732 (9th Cir. 2001).  "Dismissal can be based

25  on the lack of a cognizable legal theory or the absence of

26  sufficient facts alleged under a cognizable legal theory."

27  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir.

28  1988).  "When there are well-pleaded factual allegations, a court

**United States District Court**
For the Northern District of California

should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> (citing <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)). The court's review is generally "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." <u>Metzler Inv. GMBH v. Corinthian Colls., Inc.</u>, 540 F.3d 1049, 1061 (9th Cir. 2008) (citing <u>Tellabs, Inc. v. Makor Issues & Rights, Ltd.</u>, 551 U.S. 308, 322 (2007)).

### B. Rule 9(b)

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." <u>See</u> <u>Kearns v. Ford Motor Co.</u>, 567 F.3d 1120, 1124 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." <u>United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc.</u>, 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

///

///

///

**United States District Court**
For the Northern District of California

1   **IV.   DISCUSSION**

2         **A.   Breach of the Covenant of Good Faith and Fair Dealing**

3         "The covenant of good faith and fair dealing, implied by law

4   in every contract, exists merely to prevent one contracting party

5   from unfairly frustrating the other party's right to receive the

6   benefits of the agreement actually made." <u>Guz v. Bechtel Nat.</u>

7   <u>Inc.</u>, 24 Cal. 4th 317, 349 (Cal. 2000).  The covenant "cannot

8   impose substantive duties or limits on the contracting parties

9   beyond those incorporated in the specific terms of their

10  agreement." <u>Id.</u> at 349-50.  The elements of a claim for breach of

11  the covenant of good faith and fair dealing are:

12              (1) the plaintiff and the defendant entered
                into a contract; (2) the plaintiff did all
13              or substantially all of the things that the
                contract required him to do or that he was
14              excused from having to do; (3) all
                conditions required for the defendant's
15              performance had occurred; (4) the defendant
                unfairly interfered with the plaintiff's
16              right to receive the benefits of the
                contract; and (5) the defendant's conduct
17              harmed the plaintiff.

18  <u>Woods v. Google, Inc.</u>, 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012)

19  (citing Judicial Counsel of California Civil Jury Instructions §

20  325 (2011)).

21        Plaintiff's alleges that Defendant's promise to forego action

22  against her if she went late on her payments impeded her

23  contractual obligation to pay her loans, which interfered with her

24  rights to receive the benefits of those agreements.  Plaintiff

25  relies mainly on the Court's holding on a similar issue from <u>Harvey</u>

26  <u>v. Bank of America N.A.</u>, No. 12-3238 SC, 2013 WL 632088 (N.D. Cal.

27  Feb. 20, 2013).  In <u>Harvey</u> the Court found that a defendant's

28  active hindrance of plaintiff's obligation to pay his loans could

be the basis for a breach of implied covenant claim.  <u>Id.</u> (citing <u>Tanner v. Title Ins. & Trust Co.</u>, 20 Cal. 2d 814, 824 (Cal. 1942)).

While <u>Harvey</u> supports Plaintiff's claim for promissory estoppel, it does not help her claim for breach of the implied covenant.  As Defendant points out, it never actively interfered with Plaintiff's payments.  It told Plaintiff that she could enter the loan modification process by going late on her payments, but that was a choice only Plaintiff could make.  <u>See</u> <u>Franczak v. Suntrust Mortgage, Inc.</u>, No. 5:12-cv-01453 EJD, 2013 WL 843912, at *3 (N.D. Cal. Mar. 6, 2013) ("Being left with an impression that a particular action is encouraged is something very different than actually being required to do something.") (quotations omitted).  Plaintiff did not plead that Defendant actively frustrated her ability to perform under the loan agreements.  This claim is accordingly DISMISSED.  Plaintiff has leave to amend it if she can plead facts indicating that Defendant actively hindered her payment under the loan agreements.

    **B.   Promissory Estoppel**

"Promissory estoppel requires: (1) a promise that is clear and unambiguous in its terms; (2) reliance by the party to whom the promise is made; (3) the reliance must be reasonable and foreseeable; and (4) the party asserting the estoppel must be injured by his or her reliance."  <u>Boon Rawd Trading Int'l Co., Ltd. v. Paleewong Trading Co., Inc.</u>, 688 F. Supp. 2d 940, 953 (N.D. Cal. 2010).  "The purpose of this doctrine is to make a promise that lacks consideration (in the usual sense of something bargained for and given in exchange) binding under certain circumstances."  <u>Id.</u>

**United States District Court**
For the Northern District of California

1   Plaintiff alleges that "in or around December 2011 and
2  thereafter," Defendant's agents Bobby Mata and William Speed told
3  her that she could be eligible for a loan modification if she
4  ceased her loan payments, and that if she did, Defendant would not
5  take any action against her during the loan modification process.
6  FAC ¶¶ 10-11, 26.  Plaintiff states that though she was reluctant
7  to go late on her payments because of her excellent credit, she
8  believed Defendant's agents' assurances and began to miss payments
9  so she could qualify for a loan modification.  Id. ¶¶ 12, 26.
10 Finally, Plaintiff alleges that she was injured by her reliance
11 because of the destruction of her credit and the cost of fees
12 related to this lawsuit.  Id. ¶¶ 26-29.  Defendant disputes
13 Plaintiffs' allegations about the promise, her reliance, and her
14 damages, claiming that they are insufficiently pled or are refuted
15 by the loan agreements.  Defendant also argues that this cause of
16 action is barred by the statute of frauds because it would amount
17 to a modification of the loan agreement but was not in writing.
18 MTD at 5, 7; Reply at 4-7.

19   The Court finds that Plaintiff's allegations set forth a prima
20 facie promissory estoppel claim arising from her conversation with
21 Defendant's agents.  While the specificity of Plaintiff's pleading
22 about the alleged promise is not perfect, the Court finds that
23 Plaintiff's complaint is sufficiently detailed and plausible to
24 state a claim and subject Defendant to discovery on it.  See Starr,
25 633 F.3d at 1204.

26   The Court is not convinced by Defendant's arguments that
27 Plaintiff failed to plead reasonable reliance and, consequently,
28 damages.  See Reply at 4-6.  Those arguments are essentially that

7

United States District Court
For the Northern District of California

the loan agreements put Plaintiff on notice of what would happen if she went late on her mortgage payments (including the risk that Defendant would accelerate her loans).  Defendant misses the point of Plaintiff's promissory estoppel claim: Plaintiff relied on Defendant's agents' promises that the loan agreements' requirements would apparently not apply.  This promise was separate from any contractual provision.  For similar reasons, the Court does not find Defendant's statute of frauds argument compelling.  The promise at issue here was not a modification of the contract, subject to the statute of frauds: it was a separate matter altogether.

Accordingly, the Court DENIES Defendant's motion to dismiss Plaintiff's promissory estoppel claim.  The claim is undisturbed.

**C.   <u>False Light</u>**

To state a claim for the privacy tort of false light, a plaintiff must plead (1) public disclosure of information about the plaintiff that was presented as factual but was actually false or created a false impression about the plaintiff; (2) the information was understood by one or more persons to whom it was disclosed as stating or implying something highly offensive that would have a tendency to injure the plaintiff's reputation; (3) by clear and convincing evidence, that the defendant acted with constitutional malice; and (4) damages.  <u>Solano v. Playgirl, Inc.</u>, 292 F.3d 1078, 1082 (9th Cir. 2002).

Plaintiff alleges that because she was never really in default and any suggestion otherwise was due to Defendant's accounting errors and broken promises, Defendant's recklessly or negligently reporting her to credit agencies was false, highly offensive, and

**United States District Court**
For the Northern District of California

1   harmful.  FAC ¶¶ 35-36.  Defendant argues that Plaintiff's false

2   light claim is preempted by the Fair Credit Reporting Act ("FCRA"),

3   15 U.S.C. § 1681 et seq., and that in any event, Defendant's

4   reports to the credit agencies were both truthful and privileged by

5   law.  MTD at 9-10; Reply at 7-8.

6       Defendant's preemption argument is right.  FCRA includes an

7   explicit preemption provision: "[n]o requirement or prohibition may

8   be imposed under the laws of any State . . . with respect to the

9   subject matter regulated under . . . section 1681s-2 of [FCRA],

10  relating to the responsibilities of persons who furnish information

11  to consumer reporting agencies."  Howard v. Blue Ridge Bank, 371 F.

12  Supp. 2d 1139, 1143 (N.D. Cal. 2005) (citing 15 U.S.C. §

13  1681(b)(1)(F)).  Specifically, FCRA precludes claims for false

14  light based on alleged reporting of false credit information to

15  credit reporting agencies.  See Carson v. Bank of America, N.A.,

16  No. 2:12-cv-04187-MCE-CMK, 2012 WL 5041359, at *9 (E.D. Cal. Oct.

17  17, 2012) ("[T]he FCRA preempts Plaintiffs' common law claim for

18  false light invasion of privacy, as the claim is based on Defendant

19  allegedly reporting false credit information to a credit reporting

20  agency.").  Since it is preempted, the Court declines to consider

21  the parties' further arguments as to Plaintiff's false light claim,

22  except to say that they are not plausible.  Nor does the Court

23  address Plaintiff's arguments about whether she has stated a claim

24  under California Civil Code section 1785.25, since Plaintiff pled

25  no such a claim in her complaint and cannot add it now.

26  Accordingly, Plaintiff's false light claim is DISMISSED WITH

27  PREJUDICE.

28  ///

United States District Court
For the Northern District of California

### D.   **Negligent Misrepresentation**

The elements for a cause of action for negligent misrepresentation are (1) a misrepresentation of a material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) reasonable reliance by the plaintiff, and (5) damages.  Fox v. Pollack, 181 Cal. App. 3d 954, 962 (Cal. Ct. App. 1986).  Since this claim sounds in fraud, it must be pled with particularity per Rule 9(b), though intent may be alleged generally.

Plaintiff alleges that Defendant's agents' made their representations about the loan modification process with no reasonable grounds for believing that the representations were true, since Defendant alone (not its agents) knew whether the loan modification process would work as explained.  FAC ¶¶ 40-42.  Plaintiff adds that she was unaware of the statements' falsity and would not have gone late on her payments if Defendant's agents had not made those representations.  Id. ¶¶ 40-45.  She states that as a result of her believing what Defendant's agents said, she was harmed by fees and a damaged credit score.  Id.

Plaintiff's misrepresentation claim fails for insufficient pleading.  Plaintiff's allegations of the purported promises made to her by Defendant's agents are substantially the same as those underlying her promissory estoppel claim.  Leaving aside the issue of whether the economic loss rule prohibits Plaintiff from seeking tort damages for what appears to be a contract claim, see, e.g., JMP Sec. LLP v. Altair Nanotechnologies Inc., 880 F. Supp. 2d 1029, 1042-43 (N.D. Cal. 2012), Plaintiff's allegations are not

sufficient to support a fraud claim.  Plaintiff identifies, at best, the thrust of what was said and in what month it was said.  Though this is enough (barely) to satisfy the relatively relaxed pleading standard required for promissory estoppel, see supra Section IV.B, it is not enough to plead fraud.  Plaintiff's negligent misrepresentation claim is accordingly DISMISSED.  Plaintiff has leave to amend this claim, but must plead her facts with greater specificity, especially with reference to the relevant dates, Defendant's agents' authority, and Defendants' agents' grounds for believing their statements.

    **E.   UCL**

    The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act."  Cal. Bus. & Prof. Code § 17200.  "Because [section 17200] is written in the disjunctive, it establishes three varieties of unfair competition-- acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007).

    Plaintiff appears to bring her UCL claim under the "unfairness" prong.  California courts and the legislature have not specified which of several possible "unfairness" standards is the proper one, but this Court recently found that the California Supreme Court would likely adopt the approach to unfairness provided in Camacho v. Auto. Club of S. Cal., 142 Cal. App. 4th 1394, 1402 (Cal. Ct. App. 2006), which incorporated the three factors constituting unfairness under the Federal Trade Commission Act: "(1) the injury must be substantial; (2) the injury must not be outweighed by any countervailing benefits to consumers or

competition; and (3) the injury must be one that the consumer could not reasonably have avoided." <u>Lyons v. Bank of America, N.A.</u>, No. 11-01232 CW, 2011 WL 3607608, at *10 (N.D. Cal. Aug. 15, 2011) (citing <u>Camacho</u>, 12 Cal. App. 4th at 1402).

Plaintiff asserts that the conduct underlying her claims for breach of the implied covenant of good faith, false light, promissory estoppel, and negligent misrepresentation "constitute[] unfair competition" under the UCL.  FAC ¶¶ 48-51.  However, as discussed <u>supra</u>, three of these claims fail as insufficiently pled, with only the promissory estoppel claim surviving.  Consequently, Plaintiff's UCL claims as to the other causes of action are DISMISSED.  Plaintiff's UCL claim for unfair business practices survives because her properly pled promissory estoppel claim suffices to state a claim under the UCL as well: the injury was substantial, no countervailing benefits to consumers or competition exist, and Plaintiff's pleading of reasonable reliance under her promissory estoppel claim also serves to show that she could not reasonably have avoided the injury in this case.

**V.   <u>CONCLUSION</u>**

As explained above, Defendant's motion to dismiss is GRANTED in part and DENIED in part.  Plaintiff's claims for promissory estoppel and unfair business practices under the UCL are undisturbed.  Plaintiff's false light claim is DISMISSED WITH PREJUDICE.  All remaining claims are DISMISSED with leave to amend to correct the factual deficiencies described in this Order. Plaintiff may file an amended complaint within thirty (30) days of this Order's signature date.  Failure to do so may result in the

1    deficient claims being dismissed with prejudice.

2         Plaintiff does not have leave to add any new causes of action

3    to her complaint as a result of this Order, but she may file a Rule

4    15 motion or request Defendant's leave to add new claims.

5

6         IT IS SO ORDERED.

7

8         Dated: June ___, 2013                    _____
                      7

9                                                  UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California