IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BING TING REN, | Case No. 13-0272 SC |
| Plaintiff, | ORDER GRANTING DEFENDANTS' MOTION TO DISMISS AND GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO STRIKE |
| v. | |
| WELLS FARGO BANK, N.A. and DOES 1-100, inclusive, | |
| Defendants. | |

## I. INTRODUCTION

This is a foreclosure dispute. Now before the Court is Defendant Wells Fargo Bank, N.A.'s ("Defendant") motions to dismiss and to strike portions of Plaintiff Bing Ting Ren's ("Plaintiff") second amended complaint. ECF Nos. 25 ("SAC"), 27 ("MTD"), 28 ("MTS"). The motion is fully briefed[1] and suitable for decision without oral argument, Civ. L.R. 7-1(b). As discussed below, Defendant's motion to dismiss is GRANTED, and Defendant's motion to strike is GRANTED in part and DENIED in part. The Court GRANTS

---

[1] ECF Nos. 32 ("MTD Opp'n"), 33 ("MTS Opp'n"), 34 ("MTD Reply"), 35 ("MTS Reply").

Defendant's unopposed request for judicial notice, ECF No. 29, under Federal Rule of Evidence 201.

## II.   BACKGROUND

The parties are familiar with this case's basic facts. A short procedural summary follows. In her first amended complaint, Plaintiff asserted the following causes of action against Defendant: (i) breach of the implied covenant of good faith and fair dealing; (ii) promissory estoppel; (iii) the privacy tort of false light; (iv) negligent misrepresentation; and (v) violations of the California Unfair Competition Law ("UCL"), Cal. Civ. Code § 17200 et seq. ECF No. 14 ("FAC") ¶¶ 15-54.

Defendant moved to dismiss each claim, and the Court ordered that: (i) the breach of implied covenant claim was dismissed with leave to amend, so that Plaintiff could plead facts indicating that Defendant actively hindered her payments; (ii) Plaintiff's promissory estoppel claim was undisturbed; (iii) Plaintiff's false light claim was dismissed with prejudice; (iv) Plaintiff's negligent misrepresentation claim was dismissed with leave to amend, so that Plaintiff could plead facts with enough specificity to meet federal pleading standards for fraud; and (v) Plaintiff's unfair business practices claim was dismissed so far as it was tethered to any cause of action except promissory estoppel. ECF No. 23 ("June 7 Order").

Plaintiff filed an amended complaint to attempt to cure the defects the Court noted in granting leave to amend. Defendant now moves to dismiss Plaintiff's implied covenant and negligent misrepresentation claims. Defendant also moves to strike certain

1 portions of Plaintiff's SAC, including various requests for
2 statutory and punitive damages, attorneys' fees, restitution, and
3 disgorgement; pleadings that certain claims violate the UCL; and
4 references to the harms Plaintiff has incurred.

**III. LEGAL STANDARD**

    **A.   Motions to Dismiss**

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). The court's review is generally "limited to the complaint, materials incorporated into the complaint by reference, and matters of which the court may take judicial notice." Metzler Inv. GMBH v. Corinthian Colls., Inc., 540 F.3d 1049, 1061 (9th Cir. 2008) (citing Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007)).

///

**B. Rule 9(b)**

Claims sounding in fraud are subject to the heightened pleading requirements of Federal Rule of Civil Procedure 9(b), which requires that a plaintiff alleging fraud "must state with particularity the circumstances constituting fraud." See Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009). "To satisfy Rule 9(b), a pleading must identify the who, what, when, where, and how of the misconduct charged, as well as what is false or misleading about [the purportedly fraudulent] statement, and why it is false." United States ex rel Cafasso v. Gen. Dynamics C4 Sys., Inc., 637 F.3d 1047, 1055 (9th Cir. 2011) (internal quotation marks and citations omitted).

**C. Motions to Strike**

Federal Rule of Civil Procedure 12(f) provides that a court may, on its own or on a motion, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Motions to strike "are generally disfavored . . . [and] are generally not granted unless it is clear that the matter sought to be struck could have no possible bearing on the subject matter of the litigation." Rosales v. Citibank, 133 F. Supp. 2d 1177, 1180 (N.D. Cal. 2001).

**IV. DISCUSSION**

**A. Breach of the Covenant of Good Faith and Fair Dealing**

"The covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party from unfairly frustrating the other party's right to receive the benefits of the agreement actually made." Guz v. Bechtel Nat.

Inc., 24 Cal. 4th 317, 349 (Cal. 2000). The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement." Id. at 349-50. The elements of a claim for breach of the covenant of good faith and fair dealing are:

> (1) the plaintiff and the defendant entered into a contract; (2) the plaintiff did all or substantially all of the things that the contract required him to do or that he was excused from having to do; (3) all conditions required for the defendant's performance had occurred; (4) the defendant unfairly interfered with the plaintiff's right to receive the benefits of the contract; and (5) the defendant's conduct harmed the plaintiff.

Woods v. Google, Inc., 889 F. Supp. 2d 1182, 1194 (N.D. Cal. 2012) (citing Judicial Counsel of California Civil Jury Instructions § 325 (2011)).

The Court dismissed this claim in Plaintiff's FAC because Defendant never actively interfered with Plaintiff's payments. It told Plaintiff that she could enter the loan modification process by going late on her payments, but that was a choice only Plaintiff could make. See Franczak v. Suntrust Mortgage, Inc., No. 5:12-cv-01453 EJD, 2013 WL 843912, at *3 (N.D. Cal. Mar. 6, 2013) ("Being left with an impression that a particular action is encouraged is something very different than actually being required to do something.") (quotations omitted). Plaintiff did not plead that Defendant actively frustrated her ability to perform under the loan agreements, so the Court dismissed this claim with leave to amend.

In the SAC, Plaintiff's theory is still that Defendant "interfered with [her] ability to enjoy the benefits of the contract . . . by inducing her into not making her regular monthly

5

payments in compliance with the loan agreement . . . ." SAC ¶ 16. Plaintiff's allegations are therefore essentially unchanged: the core of her pleadings on this cause of action remains the contention that Defendant told her she could obtain a loan modification by going late on her payments. This does not rise above the level of encouragement. The choice to pay or not to pay remained with Plaintiff. Plaintiff therefore fails to state a claim for breach of the implied covenant. This claim is DISMISSED with prejudice because Plaintiff's amendment failed to cure the pleading defects.

### B. Negligent Misrepresentation

The elements for a cause of action for negligent misrepresentation are (1) a misrepresentation of a material fact, (2) without reasonable grounds for believing it to be true, (3) with intent to induce another's reliance on the fact misrepresented, (4) reasonable reliance by the plaintiff, and (5) damages. Fox v. Pollack, 181 Cal. App. 3d 954, 962 (Cal. Ct. App. 1986). Since this claim sounds in fraud, it must be pled with particularity per Rule 9(b), though intent may be alleged generally.

In her FAC, Plaintiff alleged representation, grounds for belief, intent, and reliance very generally. She did not, as the Court noted in its June 7 Order, allege with sufficient specificity any relevant dates, Defendant's agents' authority as to loan modification powers, or Defendant's agents' grounds for believing their statements about how Plaintiff could obtain a loan modification. See June 7 Order at 10-11. In her SAC, Plaintiff states that Defendant's agents were "case managers" and that the

6

dates of the conversation could be ascertained during discovery. SAC ¶¶ 31-39. In other respects her allegations of negligent misrepresentation are as they were in the FAC. Compare id. with FAC ¶¶ 37-45. The Court does not find these modifications sufficient to state a claim for negligent misrepresentation. Since Plaintiff's amendment fails to cure the FAC's deficiencies, this claim is DISMISSED with prejudice.

### C. UCL

The UCL prohibits unfair competition, including, inter alia, "any unlawful, unfair or fraudulent business act." Cal. Bus. & Prof. Code § 17200. "Because [section 17200] is written in the disjunctive, it establishes three varieties of unfair competition-- acts or practices which are unlawful, or unfair, or fraudulent." Berryman v. Merit Prop. Mgmt., Inc., 152 Cal. App. 4th 1544, 1554 (Cal. Ct. App. 2007).

Plaintiff's SAC has not changed Plaintiff's UCL theory: that predicate causes of action support a UCL claim under the unfairness prong. Since Plaintiff's claims for breach of the implied covenant and negligent misrepresentation fail, they cannot support a UCL claim. Accordingly Plaintiff's UCL claims based on any causes of action except promissory estoppel, which is undisturbed, must all fail and are DISMISSED with prejudice.

### D. Defendant's Motion to Strike

Defendant moves to strike five types of statements from Plaintiff's SAC:

- Portions of Plaintiff's UCL claim that are tethered to predicate causes of action that were dismissed, because as a matter of law, a UCL claim cannot be tethered to a nonexistent claim;

7

- Requests for damages and attorneys' fees under the UCL, because only restitution and injunctive relief are available remedies under the UCL;
- Plaintiff's general prayer for attorneys' fees should be struck, since there is no basis for such recovery in Plaintiff's complaint;
- Plaintiff's punitive damages prayer, since Plaintiff does not establish sufficient facts to support a punitive damages claim;
- Plaintiff's prayers for disgorgement, restitution, and statutory damages, since Plaintiff has not adequately pled grounds for those remedies.

MTS at 1-5.

Some of Defendant's arguments have merit. First, the Court GRANTS Defendant's motion to strike all portions of Plaintiff's UCL unfairness claim that are predicated on any cause of action except promissory estoppel, since those claims were all dismissed. Paragraphs 42, 44, and 45 are hereby struck from Plaintiff's SAC. Second, the Court GRANTS Defendant's motion to strike Plaintiff's requests for damages and attorneys' fees under the UCL, since the UCL does not provide for those remedies. The portions of SAC Paragraphs 46 and 48 concerning monetary damages and fees are hereby struck from Plaintiff's SAC.

The Court DENIES all other portions of Defendant's MTS, because it is not clear that the pleadings to be struck would have no possible bearing on the subject matter of the litigation. See Rosales, 133 F. Supp. 2d at 1180.

First, Plaintiff's request for fees could be authorized under California Civil Code Section 1717(a), which authorize fees for prevailing parties in actions on a contract. Defendant provides no legal support for their contention that Plaintiff must have pled

8

that statutory basis in order to request fees later.

Second, contrary to Defendant's suggestions, Plaintiff's punitive damages prayer is governed by federal pleading standards, not the stricter California pleading standard. The Court will not strike those pleadings at this stage. Defendant is essentially trying to translate the standard for a motion to dismiss to a motion to strike in its attempt to force Plaintiff to plead more than the rules of procedure require.

Third, the Court declines to strike Plaintiff's prayers for restitution or disgorgement. Defendant argues that Plaintiff failed to state facts supporting those remedies, but again, that is not the standard for a motion to strike, and the Court does not find that those prayers for relief have no bearing on this litigation.

## V. CONCLUSION

As explained above, Defendant's motion to dismiss is GRANTED. Plaintiff's claims for breach of the implied covenant and negligent misrepresentation are DISMISSED with prejudice. Defendant's motion to strike is GRANTED in part and DENIED in part.

IT IS SO ORDERED.

Dated: September 19, 2013

_____
UNITED STATES DISTRICT JUDGE